UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:97-CR-5-F6
No. 4:12-CV-148-F

| | |
|---|---|
| ERIC ORSEN MERRITT, II, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Petitioner's Motion to correct his sentence pursuant to 28 U.S.C. § 2255 [DE-251]. The Petitioner, Eric Orsen Merritt II ("Merritt"), contends that this court incorrectly enhanced his sentence under the "career offender" provision of the U.S. Sentencing Guidelines Manual because several of his prior convictions do not qualify as felonies in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010). *See* Motion [DE-251-1] at 2-3. The Government has filed a motion to dismiss, arguing that Merritt waived his right to file a § 2255 motion in his plea agreement and, alternatively, that the petition is barred by the statute of limitations. Motion to Dismiss [DE-262] at 2-3. The Government's motion to dismiss is ALLOWED and Merritt's petition is DISMISSED.

**FACTUAL BACKGROUND**

On June 16, 1997, Merritt pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846, and one count of use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

In the plea agreement, Merritt expressly waived his right to challenge his conviction or sentence under § 2255. Nevertheless, Merritt has filed a lengthy § 2255 petition, in which he argues that his sentence should not have been enhanced based on his prior convictions because the convictions do not qualify as felonies for purposes of the career offender provisions of the United States Sentencing Guidelines Manual. Merritt further argues that he was improperly assigned criminal history points based on convictions that would not be felonies under *Simmons* and *Carachuri-Rosendo*. *See* Mem. in Support of 2255 Motion [DE-251-1] at 6.

## ANALYSIS

### I. Waiver

Merritt's plea agreement, which he signed and agreed to in open court, contains the following language:

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline Range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based on ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's Guilty plea.

Mem. of Plea Agreement at 1-2. Merritt's has expressly waived his right to challenge his sentence by means of a § 2255 petition. At his arraignment, Merritt stated under oath that his plea was freely and voluntarily made. Merritt presents no argument or evidence to the court suggesting his plea agreement is not fully enforceable. Moreover, Merritt does not allege either of the two grounds for relief excepted from the § 2255 waiver in the plea agreement: ineffective assistance of counsel or prosecutorial misconduct. Where the Government seeks to enforce a

2

plea agreement waiver of collateral attack rights, the court should dismiss the petition unless the defendant shows that the plea waiver was somehow unlawful or involuntary. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Accordingly, Merritt's petition is DISMISSED because he waived his right to collaterally attack his sentence under § 2255.

## II. Motion to Amend

Merritt has also filed a "supplemental motion 2255" [DE-256], which the court construes as a motion to amend his § 2255 petition. Therein, Merritt raises the argument that he is entitled to collateral relief under *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). The motion to amend is also barred by the plea agreement waiver. Accordingly, the "supplemental motion 2255" [DE-256] is DENIED.

## CONCLUSION

For the reasons detailed herein, Merritt's § 2255 Motion to Vacate, Set Aside or Correct his Sentence [DE-248, -251] is DENIED and the petition is DISMISSED. The Government's motion to dismiss [DE-261] is ALLOWED. Merritt's supplemental motion to vacate [DE-267], which the court construes as a motion to amend his § 2255 petition, is DENIED. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Merritt's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Merritt has not met the standard for issuance of a certificate of appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the 8th day of July, 2014.

JAMES C. FOX
Senior United States District Judge